IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOHNNIE DURAND AND RAPLH DURAND                                    PLAINTIFFS

VERSUS                                              CIVIL ACTION NO. 2:09cv71 KS-MTP

WAL-MART ASSOCIATES, INC., ET AL.                                 DEFENDANTS

## ORDER ON MOTION TO QUASH

This matter is before the court on the Plaintiff's Motion [10] to Quash. Having considered the motion and the response thereto, the court finds that the Motion [10] should be granted in part and denied in part.

In their Motion to Quash, Plaintiffs ask the court to quash the subpoenas issued by Defendant to certain non-parties. *See* Motion [10] and Exhibit A. Plaintiffs generally claim that the subpoenas seek documents which may be protected by medical or other privilege and that the subpoenas are overly broad. In response, Defendant Wal-Mart Stores East, L.P. (Wal-Mart) claims the subpoenas are proper in substance and sufficiently limited in scope to lead to the discovery of relevant, admissible evidence. Further, in response to Plaintiffs' privilege argument, Defendant submits that the Plaintiffs have been provided with a HIPPA release and also states that privileged information could be redacted or sealed. *See* Response [11].

Initially, the court must address Plaintiffs' standing to oppose a subpoena issued to a non-party. The Fifth Circuit has held that a non-party does not have standing to oppose a subpoena since the party is "not in possession of the materials subpoenaed and [has] not alleged any personal right or privilege with respect to the materials subpoenaed." *Brown v Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). However, Plaintiffs here do assert a personal right or privilege with respect to the documents at issue. While the subpoenas were issued to non-parties, those non-parties are Plaintiffs' current and/or former physicians and healthcare providers and/or insurers. Plaintiffs claim that the documents sought in the subpoenas contain personal and/or

confidential information.

In addition, Rule 26(c) of the Federal Rules of Civil Procedure provides, "A party or any person from whom discovery is sought may move for a protective order . . . ." If the party or person establishes good cause, the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Thus, a "motion for a protective order in this circumstance does not seek to vindicate a non-party's right to resist the compulsory process of the court." *Wilson v. Scruggs*, No. 3:02cv525-L-N, 2003 WL 23521358 (S.D. Miss. April 10, 2003). Instead, the motion seeks to place reasonable limits on the discovery process. Thus, although the Plaintiffs do not have standing to move to quash the subpoenas at issue, they do have standing to move for a protective order, and the court will construe the instant motion accordingly. *Id.; see also Williams v. Weems Community Mental Health Center*, No. Civ. A. 4:04CV179LR, 2006 WL 905955 (S.D. Miss. April 7, 2006).

Subpoenas issued for discovery purposes, such as those at issue here,[1] are subject to the discovery limitations outlined in Fed. R. Civ. P. 26(b). *Hussey v State Farm Lloyds Ins. Co.,* 216 F.R.D. 591, 596 (E.D. Tex. 2003)*;* 9A Wright & Miller, *Federal Practice & Procedure: Civil* 2d § 2459 ("Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the last sentence of Rule 26(b)(1).") Indeed, there is no practical reason to apply a different rule simply because Wal-Mart choose to obtain the requested information via subpoena rather than a request for production.

Plaintiffs have failed to meet their burden of establishing that the subpoenas are overly broad. Indeed, Plaintiffs offer no explanation or authority in support of this argument other than their one conclusory sentence. *See* Motion [10] at ¶ 2. However, Plaintiffs do raise the valid issue that the subpoenas seek documents which may be confidential and/or privileged. Accordingly, the court finds that such documents (i.e., Plaintiffs' medical records and related

---

[1]The subpoenas are not returnable to a trial or hearing. They were clearly issued for purposes of discovery.

documents) should be subject to a protective order.

    IT IS, THEREFORE, ORDERED:

1.     Plaintiffs' Motion [10] is granted in part and denied in part;

2.     Plaintiffs' Motion [10] to quash the subpoenas is DENIED.

3.     Plaintiffs' Motion for Protective Order [10] is GRANTED to the extent that the documents and/or information requested by the subpoenas are subject to a protective order, which will be entered by the court by separate order.

SO ORDERED this the 22nd day of July, 2009.

                      s/ Michael T. Parker
                      United States Magistrate Judge